UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MSTADI WINSTON,

        Plaintiff,

v.                                                               Case No. 18-cv-1695-pp

NANCY BERRYHILL,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)**

On October 25, 2018, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 3.

In order to allow the plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff is able to pay the filing fee, and if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff states that he is not employed, not married and has no dependents he is responsible for supporting. Dkt. No. 3 at 1. He lists no income and no

expenses. Id. At 2-3. (Given this information, the court is not sure how the plaintiff is living—he must reside somewhere, and eat somehow—there is no indication as to how he supports himself or who supports him.) He owns a Kia Sorento valued at $307, but does not own a home, have any cash on hand or in a checking or savings account, or have any other property of value. Id. at 3-4. The court concludes from the information provided that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision if the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint alleges that he is disabled and states that the conclusions and findings of fact by the defendant in her denial of benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law

or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 30th day of November, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**